**TRAVEL SERVICES, INC., Plaintiff/Appellant**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS and ANTHONY OLIVE, Director of V.I. BUREAU OF INTERNAL REVENUE, Defendants/Appellees**

D.C. Civil No. 1988-264
T.C. Civil No. 204-1987

District Court of the Virgin Islands

Div. of St. Croix

August 18, 1989

ELLEN G. DONOVAN, ESQ., St. Croix, V.I., *for plaintiff/appellant*

*For defendants/appellees*:

GODFREY R. DECASTRO, ESQ., Attorney General

ROSALIE SIMMONDS BALLENTINE, Solicitor General

JOSEPH E. WILLIAMS, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I.

BEFORE: O'BRIEN,** *Presiding Judge*; McGLYNN, *U.S. District Judge*,*** and SMOCK, *Territorial Court Judge*

## OPINION

The issue presented is whether 49 U.S.C.A. § 1513 (Supp. 1988) permits the Government of the Virgin Islands to tax the commissions earned by travel agents on the sale of airline tickets. The Territorial Court concluded that it does. We affirm.

### I.

The Government of the Virgin Islands assessed plaintiff-appellant Travel Services, Inc., doing business as Southerland Tours (hereafter "Southerland") a deficiency for failure to pay gross receipts taxes[1] on commissions earned on the sale of airline tickets.

---

** The Honorable David V. O'Brien has recused himself from consideration of this appeal.

*** The Honorable Joseph L. McGlynn is sitting by designation from the U.S. District Court of Pennsylvania.

[1] V.I. Code Ann. tit. 33, § 43 (Supp. 1988) provides:
(a) Every individual and every firm, corporation, and other association doing business in the Virgin Islands shall report their gross receipts and pay tax of four percent (4%) on the gross receipts of such business. ...

Southerland maintained that federal law, 49 U.S.C.A. § 1513(a), prohibits defendants from taxing those commissions. The parties entered into a stipulation of facts and both moved for summary judgment. The Territorial Court denied Southerland's motion, granted defendants' motion, and entered judgment in favor of defendants. Southerland appeals from that judgment.

49 U.S.C.A. § 1513 provides in pertinent part:

> (a) *No* state ( [or *Territory*] including ... the Virgin Islands ...) *shall* levy or *collect a tax*, fee, head charge, or other charge, *directly or indirectly*, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or *on the sale of air transportation* or on the gross receipts derived therefrom....
>
> (b) [*N*]*othing in this section shall prohibit a State* ( [or Territory] including ... the Virgin Islands ...) *from the* levy or *collection of* taxes other than those enumerated in subsection (a) of this section, including property taxes, net income taxes, franchise taxes, and sales or *use taxes on the sale of* goods or *services.* ...

Id. (emphasis added). Southerland contends that its commissions are proceeds derived "from the sale of air transportation" and, as such, cannot be taxed by the defendants. 49 U.S.C.A. § 1513(a). Defendants, however, claim that the tax on commissions is a tax on services and is explicitly permitted by 49 U.S.C.A. § 1513(b).

## II.

Southerland is a full service travel agency which, among other things, sells air transportation for approximately sixty airlines. Pursuant to an agreement with the Agent Reporting Plan (ARP), a corporation, all proceeds from the sale of air transportation are deposited into Southerland's account. These proceeds belong to the airlines and are not property of Southerland. ARP draws from that account all amounts except those representing commissions earned by Southerland.

---

(b) The term "gross receipts," as used in this title shall mean all receipts, cash or accrued, of the taxpayer for services or derived from trade, business, commerce or sales, and the value accruing from the sale of tangible personal property or services, or both, including rentals, fees and other involvements, however,* designated ....

* So in original.

The Territorial Court focused on the *purpose* of the income and the *parties* involved. It concluded that the commission income is derived from the sale of a service and is, therefore, taxable. The court explained that

> careful scrutiny of Southerland's business operations reveals that it performs two activities with one act. It undeniably sells air transportation, and by so doing, it performs a service to airlines for a fee. Both activities, though related, are separate and distinct for tax purposes. The Virgin Islands seek to tax only one—the sale of a service.
>
> . . . .
>
> ...[T]he character or classification of income for tax purposes, changes depending on its purpose and the parties involved. Southerland admits that the gross receipts which it collects from passengers are the property of the airlines. In this respect, Southerland is merely a conduit for payment of airline tickets. The purpose of the payment is for travel. Accordingly, these receipts represent a transaction between the airlines and its passengers. Such receipts represent the sale of air transportation—the activity sought to be pre-empted by § 1513(a).
>
> The fact that Southerland is paid from the same account in which the gross receipts from the sale of air transportation are deposited is irrelevant. Those receipts are not the property of Southerland. The instant that a portion of those receipts is assigned, or paid to Southerland, the character of that portion is altered. It no longer represents "gross receipts derived from the sale of air transportation." It is now commissions for services rendered. This is so because its purpose is not for travel, but to compensate Southerland for services rendered. The airlines, by paying commissions, surely are not purchasing air transportation. Obviously, this is not a transaction between an airline and a passenger, but rather it is a transaction between an airline and its travel agent.

Travel Services, Inc. v. Government of the Virgin Islands, Civ. No. 204-87 at 5–7 (Terr. Ct. St. Croix June 23, 1988).

We agree with this conceptual analysis of the issue presented and will, consequently, affirm the Territorial Court's decision.

## JUDGMENT

Having considered the issue presented on appeal and having filed

an opinion of even date herewith, it is hereby ORDERED and ADJUDGED:

THAT the judgment of the Territorial Court is AFFIRMED.